SHAPIRO, Respondent, vs. HELLER and another, imp., Appellants.

*April 1—April 29, 1930.*

530

For the appellants Heller there was a brief by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank P. Burke.*

For the respondent there was a brief by *I. A. Dinerstein* and *Morris Fromkin,* both of Milwaukee, and oral argument by *Mr. Fromkin.*

OWEN, J. There is no dispute that the deed was intended to be a mortgage, and the judgment of the court in so construing it is not challenged. Appellants contend, however, that this mortgage was given for the sole purpose of inducing the Franklin State Bank to discount the $6,000 note and to secure the indorsement of Rose M. Heller; that her liability was limited to her indorsement, and that as she did not indorse the renewal notes she is not liable for their payment, or, if her liability can be traced to her indorsement upon the $6,000 note, she was relieved by the extension of the time of payment without her consent resulting from the giving of the various renewal notes.

The findings of the trial court, and the judgment, are based upon the premise that the deed was given as security for the payment of the debt represented by the $6,000 loan which the Granolite Corporation was enabled to realize by virtue of the note executed to it by the Yale Stores, Inc., indorsed by Sam Shapiro, and that the purpose of the execution of the deed was not merely to secure the indorsement of

Rose M. Heller on the note when first discounted by the Franklin State Bank. In making application to Shapiro for the loan, the Granolite Corporation was represented by Hugo Heller. He acted for the corporation in entering into the agreement mentioned in the statement of facts, by which it was agreed that the Yale Stores, Inc., should execute its note to the Granolite Corporation, and that Rose M. Heller and Hugo Heller should execute the deed and leave it, with the note, with the Franklin State Bank. Rose Heller was not a party to this original agreement and of course was not bound by it. She might have joined in the execution of this deed for the purpose of carrying out the terms of that agreement, or she might have executed the deed for the purpose of securing her indorsement on the note. However, Rose M. Heller did not testify. She made no claim that she did not join in the execution of the deed for the purpose of carrying out the terms of the written agreement which her husband, acting for the Granolite Corporation, had entered into with Shapiro. In view of all the circumstances of the case, the conclusion that she executed this deed for the purpose of securing the original loan, and of securing Sam Shapiro from liability by reason of his indorsement of the note, seems to be in accordance with all of the probabilities. The case must be disposed of on the theory that the deed was executed in furtherance of the written agreement entered into between the Granolite Corporation and Sam Shapiro. As so considered, the question of her liability upon her indorsement of the note becomes immaterial. It was perfectly competent for her to pledge her property to the security of this loan, even though the loan was not for her benefit but was for the benefit of the Granolite Corporation. 41 Corp. Jur. p. 387, § 205. No reason appears why Shapiro is not entitled to have the security subjected to the payment of this debt.

It appears that, by inadvertence, the judgment provides for a deficiency judgment against Rose M. Heller and Hugo

Heller. It is conceded by counsel for respondent that he waived a deficiency judgment on the trial, and he consents to a modification of the judgment eliminating therefrom the provision for deficiency.

Appellants further claim that counsel fees were improperly included in the amount to be satisfied by the proceeds of the foreclosure sale. A consideration of the judgment, however, fails to reveal any inclusion therein of counsel fees. This contention of appellants' counsel is evidently based upon a misconception of the provisions of the judgment.

*By the Court.*—The judgment is modified by striking therefrom the provision for a deficiency judgment against Rose M. Heller and Hugo Heller and, as so modified, is affirmed. Respondent to recover full costs.